UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SPOTTED CAT, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 13-6100** |
| **MICAH BASS, ET AL** | **SECTION: "H"(5)** |

### ORDER AND REASONS

The Court now examines subject matter jurisdiction *sua sponte*. Defendant has failed to adequately allege diversity jurisdiction in it's Notice of Removal. Accordingly, Defendant shall amend his Notice of Removal to correct this jurisdictional defect within 30 days of the entry of this Order or the case will be remanded for lack of subject matter jurisdiction.

### BACKGROUND

This action was originally filed by Plaintiff in Louisiana state court. Shortly after it was filed,

1

Defendant, Micah Bass, removed the action to this Court.  Defendant's notice of removal alleges that this Court has jurisdiction pursuant to 28 U.S.C. § 1332, diversity of citizenship.

**LAW AND ANALYSIS**

This Court is duty-bound to examine the basis of subject matter jurisdiction *sua sponte*. *Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008) (citing *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004)). Subject matter jurisdiction in this case is allegedly premised upon diversity of citizenship.  *See* 28 U.S.C. § 1332.  Cases arising under § 1332 require, *inter alia*, complete diversity of citizenship.  *Stiftung v. Plains Mktg., L.P.*, 603 F.3d 295, 297 (5th Cir. 2010) (citations omitted).  "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side."  *McClaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (internal quotation marks and citations omitted).  In this matter, the burden of proving complete diversity lies with Defendant.  *Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citations omitted).  To carry this burden, Defendant must "distinctly and affirmatively allege [ ] the citizenship of the parties." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (alteration in original) (internal quotation marks and citations omitted).

The basic principles of domicile are well-settled.  An individual is domiciled in a state of which he is a citizen.  *Coury v. Prot*, 85 F.3d 244, 250 (5th Cir. 1996).  A bare allegation that an

2

individual resides in a state is insufficient to plead citizenship.  *Nadler v. Am. Motors Sales Corp.*, 764 F.2d 409, 413 (5th Cir. 1985).  The "citizenship of a LLC is determined by the citizenship of all of its members."  *Harvey v. Grey Wold Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citations omitted). Accordingly, Defendant "must list the citizenship of each member of each limited liability company to properly allege diversity of jurisdiction."  *Bona Fide Demolition & Recovery, LLC v. Crosby Constr. Co. of Louisiana, Inc.*, No. 07–3115, 2009 WL 413504, at *1 (E.D. La. Feb. 18, 2009) (citations omitted);  see also *Pyramid Transp., Inc. v. Greatwide Dallas Mavis, LLC*, No. 3:12–CV–0149–D, 2013 WL 840664, at *6 (N.D. Tex. Mar. 7, 2013) ("The citizenship of each member of a limited liability company must be alleged.") (citations omitted); *Toney v. Knauf Gips KG*, No. 12–638–JJB–SCR, 2012 WL 5923960, at *1 (M.D. La. Oct. 25, 2012) ("[T]o properly allege the citizenship of a limited liability company . . . the party asserting jurisdiction must identify each of the entity's members . . . and the citizenship of each [member].") (internal footnote and citations omitted).

Defendant's Notice of Removal fails to properly allege the citizenship of either party to this action.  The Notice alleges that "Plaintiff, Spotted Cat LLC is a Louisiana Limited Liability Company with its principal place of business in the Parish of Jefferson, State of Louisiana."  However, as explained above, in order to properly plead the citizenship of an LLC, Defendant must plead the identity and citizenship of each member of the LLC.  Thus, Defendant's Notice of Removal fails to properly plead the citizenship of Plaintiff.

Furthermore, Defendant fails to allege his own domicile correctly. Defendants Notice of Removal reads "Plaintiffs' petition also alleges that the suit is brought as follows: "Micah Bass is a person of full age of majority and a resident of Florida." As explained above, this is insufficient to allege citizenship. Defendant must affirmatively allege that he is a citizen of Florida.

## CONCLUSION

Because Defendant's Notice of Removal fails to adequately allege jurisdiction, the Court ORDERS that Defendant amend his Notice of Removal within 30 days of the entry of this Order to properly allege jurisdiction or the case will be remanded for lack of subject matter jurisdiction..

New Orleans, Louisiana, this 3rd day of December, 2013.

JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE