UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **SPOTTED CAT, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 13–6100** |
| **MICAH BASS, ET AL** | **SECTION: "H"(5)** |

### ORDER AND REASONS

Before the Court is a Motion to Remand and for Sanctions (Doc. 40) and a Motion to Disqualify Counsel (Doc. 31).  For the following reasons, the Motion to Remand and for Sanctions is DENIED, and the Motion to Disqualify Counsel is GRANTED IN PART.

### BACKGROUND[1]

This action was originally filed in Louisiana state court.  Shortly after it was filed, Defendant,

---

[1] For the purposes of the instant Motions, the Court accepts the allegations in the petition as true.

1

Micah Bass, removed the action to this Court, invoking the Court's diversity jurisdiction.

Plaintiff, Spotted Cat, LLC, operates a restaurant and catering facility at the Galleria office building in Metairie, Louisiana. Pursuant to its lease, Spotted Cat is provided unfettered access to the facility (24 hours a day, 7 days a week). In preparation for Hurricane Isaac, Spotted Cat secured equipment, including generators, and dry ice in an effort to preserve its food stores in the event of a power outage. After the Galleria lost power, Roderick Patrick, on behalf of Spotted Cat, attempted to access its facility in order to deploy the dry ice and start the generators. However, Defendant prevented Plaintiff from accessing the building by falsely representing that he was an agent of the Galleria and that he was under instructions to keep Plaintiff out of the building. As a result of Defendant's false representations, Plaintiff contends that it lost over $20,000 of food and incurred significant costs in cleaning up the restaurant. Plaintiff also claims damages for lost income, property damage, fraud, and attorney's fees.[2]

**LAW AND ANALYSIS**

**I. Motion to Remand**

Plaintiff argues that this case should be remanded because the amount in controversy does not meet the jurisdictional requirements of 28 U.S.C. § 1332. Generally, a defendant may remove

---

[2] While Plaintiff demanded attorney's fees in the Petition, it has since conceded that attorney's fees are not recoverable in this case. The Court agrees that attorney's fees are not recoverable in this case and will not consider attorney's fees as part of the amount in controversy analysis.

a civil action to federal court if the federal court has original jurisdiction over the action.[3] The burden is on the removing party to show "[t]hat federal jurisdiction exists and that removal was proper."[4] When determining whether federal jurisdiction exists, courts consider "[t]he claims in the state court petition as they existed at the time of removal."[5] Removal statutes should be strictly construed, and any doubt should be resolved in favor of remand.[6]

Subject matter jurisdiction in this case is premised upon diversity of citizenship.[7] Cases arising under § 1332 require complete diversity of citizenship and an amount in controversy in excess of $75,000.00.[8] There is no question that the parties are completely diverse.[9]

When determining the amount in controversy for jurisdictional purposes, a court first considers the allegations in the complaint.[10] However, this analysis is inapplicable to suits removed from Louisiana state court because plaintiffs in Louisiana state courts are generally prohibited from pleading a specific amount in controversy.[11] As a result, the Fifth Circuit has developed a test for

---

[3] 28 U.S.C. § 1441(a).

[4] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[5] *Id.*

[6] *Id.*

[7] *See* 28 U.S.C. § 1332.

[8] *Id.*; *Stiftung v. Plains Mktg., L.P.*, 603 F.3d 295, 297 (5th Cir. 2010).

[9] The parties agree that the Plaintiff LLC has two members, both of which are Louisiana citizens and that Defendant is a citizen fo Florida.

[10] *Etheridge v. Piper Aircraft Corp.*, 559 F.2d 1027, 1028 (5th Cir. 1977).

[11] *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882; La. Code Civ. Proc. art. 893. The rule against pleading a specific amount of damages has certain exceptions not applicable here. *See* La. Code

determining the amount in controversy when suits are removed from Louisiana state court.[12] Under this analysis, removing defendants bear the burden of establishing the amount in controversy.[13] The removing defendant may carry this burden by either: "(1) [showing that] it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) [setting] forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount."[14] If it is apparent from the face of the petition that the amount in controversy requirement is met at the time of removal, post-removal affidavits, stipulations, or amendments to the petition will not deprive the court of jurisdiction.[15]

Plaintiff contends that the amount in controversy in this case is, at most, $50,000. In support of this assertion, Plaintiff submits an affidavit and offers to stipulate that the damages do not exceed $75,000. Plaintiff also argues that Defendant is unable to prove that Plaintiff's damages exceed $75,000. However, both arguments ignore the well-settled jurisdictional analysis employed by the Fifth Circuit. Under that analysis, the Court must first ascertain whether "it is apparent from the face of the petition that the claims are likely to exceed $75,000."[16]

Plaintiff's petition alleges that it sustained the following damages as a result of Defendant's

---

Civ. Proc. art. 893.

[12] *Gebbia*, 233 F.3d at 882.

[13] *Id*. at 883.

[14] *Manguno*, 276 F.3d at 723.

[15] *Gebbia*, 233 F.3d at 882.

[16] *Manguno*, 276 F.3d at 723.

behavior: loss of over $20,000 in food; cost to clean and sanitize the restaurant; lost income sustained as a result of the inability to operate during the clean up, including lost income from potential disaster recovery and catering contracts; property damages; and, damages for fraud. Plaintiff also alleges that Defendant deprived it of the rewards of investing "hundreds of thousands of dollars in its restaurant."  Plaintiff now argues that the rewards referred to in the petition are minimal.  However, as explained *supra*, ex post facto stipulations cannot change unambiguous allegations contained in the petition. Thus, Plaintiff's allegation that it was deprived of the rewards of its several hundred thousand dollar investment, at a minimum, places the value of that investment at issue. Accordingly, the Court has no trouble finding that Plaintiff's claims, as pleaded in the Petition, likely exceed $75,000.  Therefore, the Motion to Remand is denied.

**II. Motion for Sanctions**

Plaintiff additionally asks the Court to sanction Defense counsel pursuant to Rule 11 for removing the case.  The Court has found that removal was proper in this case.  Accordingly, the Motion for Sanctions is denied.

**III. Motion to Disqualify**

Defendant moves this Court to disqualify Mr. Roderick Patrick from continuing to represent Plaintiff in this matter on the grounds that his representation violates the applicable ethical rules

5

governing attorney conduct. "Disqualification cases are governed by state and national ethical standards adopted by the court."[17] District courts faced with a motion to disqualify must apply the ethical standards of the district court, the state in which the district court sits, and the national standards adopted by the Fifth Circuit.[18] The Eastern District of Louisiana has adopted the Louisiana Rules of Professional Conduct as the local ethical standards.[19] "The Fifth Circuit has recognized the ABA Model Rules of Professional Conduct . . . as the national standards to consider in reviewing motions to disqualify."[20] The Louisiana Rules of Professional Conduct and the ABA Model Rules are, for all relevant purposes, identical.[21]

Court's should not be mechanically apply the rules of disqualification.[22] Instead, "court[s] must take into account not only the various ethical precepts adopted by the profession but also the social interests at stake."[23] "All of the facts particular to a case must be considered, in the context of the relevant ethical criteria and with meticulous deference to the litigant's rights."[24] The Court reviews motions to disqualify "with fairly strict scrutiny. Although any doubts are to be

---

[17] *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 266 (5th Cir. 2001).

[18] *Id*.

[19] LR 83.2.3.

[20] *Id*.

[21] *Horaist*, 255 F.3d at 266. Since, the Local Rules, the Louisiana Rules and the ABA Model Rules of Professional Conduct are identical, the Court cites to the Louisiana Rules for the sake of consistency.

[22] *F.D.I.C. v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1314 (5th Cir. 1995).

[23] *Id*.

[24] *Id*.

resolved in favor of disqualification, the party seeking disqualification bears a heavy burden of demonstrating that disqualification is necessary."[25]

Defendant contends that this Court should disqualify Mr. Patrick, Plaintiff's sole attorney, from continuing to represent Plaintiff because Mr. Patrick is a necessary witness in this matter and his continued representation is therefore precluded by Rule 3.7. Rule 3.7 provides:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
> (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
> (3) disqualification of the lawyer would work substantial hardship on the client.
> (b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.[26]

Before addressing the facts of this particular case, it is helpful to briefly review the purpose of Rule 3.7. The Rule serves two distinct purposes: protecting the client and protecting the integrity of the court proceeding.[27] The Rule protects clients from a potential conflict of interest which would occur when an attorney is forced to offer testimony which materially differs from the

---

[25] *CEF Funding, L.L.C. v. Sher Garner Cahill Richter Klein & Hilbert, L.L.C.*, No. 09–6623, 2010 WL 2773116, at * 2 (E.D. La. July 9, 2010).

[26] Plaintiff, in its opposition to the Motion to Disqualify, cites a prior version of this rule. The version cited by Plaintiff was repealed effective March 1, 2004 and is no longer effective. *See Douglass v. Valteau*, No. 05–662, 2005 WL 1431510 (E.D. La. June 9, 2005)

[27] *U.S. Fire*, 50 F.3d at 1315.

7

testimony offered by his client.[28]  Additionally, the Rule preserves the integrity of judicial proceedings. Courts have expressed concerns that the role of a witness is inherently different from that of an attorney.[29]  While witnesses are expected to objectively relate facts, attorneys are expected to advocate for their client's position.  When an attorney is placed in both positions the Court runs the risk that a jury will assign too much, or possibly too little, weight to the lawyer's testimony.  These concerns have been echoed by several courts across the country.[30]

Turning to this particular matter, the Court's analysis of the instant Motion proceeds in three steps.  First, the Court considers whether Rule 3.7 applies to this matter, i.e. whether Mr. Patrick is likely to be a necessary witness at trial.  Second, if the Rule applies, the Court addresses whether any of the three exceptions apply.  Finally, if no exception applies, the Court addresses the appropriate remedy.

The Court finds that Mr. Patrick's representation of Plaintiff clearly implicates Rule 3.7. Mr. Patrick and Lisa Tanet are the sole members of Spotted Cat.  After the case was filed, Mr. Patrick revealed that he was the representative of Plaintiff who engaged in the alleged confrontation with

---

[28] Model Rules of Prof'l Conduct R. 3.7 cmt. 6 (2011).

[29] *U.S. Fire*, 50 F.3d at 1311.

[30] *See, e.g.*, *Presnick v. Esposito*, 513 A.2d 165, 167 (Conn. 1986) ("[P]ermitting an attorney who is trying a case also to be a witness in establishing its facts will visit on the legal profession public distrust and suspicion arising from the attorney's dual role"); *Bottaro v. Hatton Assocs.*, 680 F.2d 895, 897 (2d Cir. 1982) (recognizing the risk that a lawyer might unfairly "enhance his or her credibility as an advocate by virtue of having taken an oath as a witness"); *Cottonwood Estates, Inc. v. Paradise Builders, Inc.*, 624 P.2d 296, 299 (Ariz. 1981) ("[An] attorney who testifies diminishes his effectiveness as advocate as well as his effectiveness as a witness").

Defendant. Moreover, it appears that Mr. Patrick and Defendant may have been the only individuals to observe the entire exchange. In short, Mr. Patrick is likely to be Plaintiff's sole witness on the issue of liability. "A lawyer is a necessary witness if his or her testimony is relevant, material and unobtainable elsewhere."[31] Not only is Mr. Patrick's testimony likely to be relevant and material, the Court cannot imagine how Plaintiff could possibly hope prove its liability case without Mr. Patrick's testimony.[32] Mr. Patrick is certainly a necessary witness and is thus generally prohibited from representing Plaintiff at trial.

However, Plaintiff argues that two of the exceptions in Rule 3.7 apply in this case. Plaintiff initially argues that Mr. Patrick's testimony may be uncontested. The Court has already rejected this argument.[33] Plaintiff additionally argues that disqualifying Mr. Patrick would work substantial hardship. Plaintiff asserts several arguments in support of this claim, however the only argument meriting discussion is Plaintiff's concern that new counsel will not have sufficient time to prepare for trial, which is less than two months away. While this may be a legitimate concern, it can be easily remedied through a continuance. Furthermore, the Court's interests in preserving the

---

[31] *CEF Funding*, 2010 WL 2773116, at *2 n. 15.

[32] Mr. Patrick insists that he may not be required to testify because Defendant may, upon taking the oath at trial, suddenly decide to fully agree with Plaintiff's version of events. Mr. Patrick's argument is dependent on the occurrence of a "Perry Mason" moment in the courtroom. However, in the Court's experience, such moments are usually confined to fictional courtrooms. Accordingly, the remote possibly of such an occurrence does not relieve Mr. Patrick of his obligations under Rule 3.7.

[33] *See supra* note 32.

integrity of these proceedings significantly outweighs any hardship imposed on Plaintiff, especially given the Court's ability to remedy the hardship through a continuance. Accordingly, the Court finds that none of the exceptions in Rule 3.7 apply.

Having found that Mr. Patrick's representation of Plaintiff at trial would violate Rule 3.7 and create a substantial risk of jury confusion, the Court turns to the appropriate remedy. The plain text of Rule 3.7 disqualifies an attorney only from acting as an advocate at trial. Additionally, courts have consistently limited exclusions under Rule 3.7 to trial and any pretrial activities which carry the risk of revealing the attorney's dual role to the jury.[34] Accordingly, the Court holds that Mr. Patrick may not represent Plaintiff at trial or at any depositions. However, Mr. Patrick may remain enrolled as counsel for Plaintiff, and he may represent it in any pre-trial proceedings. Given the rapidly approaching trial date, Plaintiff is ordered to obtain independent trial counsel within 30 days. The Court will address any scheduling issues in a separate order.

**CONCLUSION**

For the foregoing reasons, the Motion to Remand and for Sanctions is DENIED, and the Motion to Disqualify is GRANTED IN PART. Mr. Roderick Patrick is disqualified from representing

---

[34] *See World Youth Day, Inc. v. Famous Artists Merch. Exch., Inc.*, 866 F. Supp. 1297, 1304 (D. Colo. 1994); *Lowe v. Experian*, 328 F. Supp. 2d 1122, 1127–28 (D. Kan. 2004); *Williams v. Borden Chem., Inc.*, 501 F. Supp. 2d 1219, 1223 (S.D. Iowa 2007). While none of the cases cited here applied the Louisiana Rules, the cases applied substantively similar rules.

Plaintiff at trial or in any depositions.  However, Mr. Patrick may remain enrolled, and he may represent Plaintiff in any non-jury court proceedings.

New Orleans, Louisiana, this 14th day of August, 2014.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**