UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


SPOTTED CAT, LLC                                CIVIL ACTION


VERSUS                                          NO: 13–6100


MICAH BASS, ET AL                               SECTION: "H"(5)


## ORDER AND REASONS

Before the Court is a Motion to Dismiss (Doc. 36), a Motion for Summary Judgment (Doc. 39), and two Motions *in limine* (Docs. 77 & 78).  For the following reasons, the Motion to Dismiss is DENIED, the Motion for Summary Judgment is GRANTED IN PART, and the Motions *in limine* are GRANTED.


## BACKGROUND[1]

This action was originally filed in Louisiana state court.  Shortly after it was filed, Defendant Micah Bass removed the action to this Court, invoking the

---

[1] The facts contained in this section are drawn primarily from Plaintiff's complaint.

1

Court's diversity jurisdiction.

Plaintiff Spotted Cat, LLC operates a restaurant and catering facility at the Galleria office building in Metairie, Louisiana. Pursuant to its lease, Spotted Cat is provided unfettered access to the facility (24 hours a day, 7 days a week). In preparation for Hurricane Isaac, Spotted Cat secured equipment, including generators and dry ice, in an effort to preserve its food stores in the event of a power outage. After the Galleria lost power, Roderick Patrick, on behalf of Spotted Cat, attempted to access the facility to deploy the dry ice and start the generators. Plaintiff claims that Defendant prevented Mr. Patrick from accessing the building by falsely representing that he was an agent of the Galleria and that he was under instructions to keep Plaintiff out of the building. As a result of Defendant's false representations, Plaintiff contends that it lost over $20,000 of food and incurred significant costs in cleaning up the restaurant. Defendant now moves this Court to dismiss Plaintiff's fraud claim because it is not pled with the specificity required by Rule 9(b), to grant summary judgment on all of Plaintiff's claims, and to exclude certain evidence at trial.

## LAW AND ANALYSIS

### I. Motion to Dismiss

Defendant filed this Motion on July 22, 2014, nine months after his answer was filed and after the close of discovery. Rule 12(b)(6) motions must ordinarily be filed prior to an answer.[2] Nonetheless, the Fifth Circuit has held that a late-

_____

[2] Fed. R. Civ. Proc. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.").

filed 12(b)(6) motion may be considered by the Court.[3]  In such a circumstance, however, the Court must treat the motion as one for judgment on the pleadings under Rule 12(c).[4]  Rule 12(c) provides that a motion for judgment on the pleadings may be filed "[a]fter the pleadings are closed—but early enough not to delay trial."

The Court finds that the Motion is untimely filed.  If the Court granted the Motion, it would be required to permit Plaintiff an opportunity to amend the petition and would necessarily delay trial.[5]  Therefore, the Motion is denied.[6]

## II. Motion for Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[7]  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[8]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all

---

[3] *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

[4] *Id.*

[5] *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n. 6 (5th Cir. 2000) (Holding that courts should ordinarily grant a plaintiff at least one opportunity to amend before dismissing a complaint for failure to state a claim.).

[6] The Court also notes that it would not be inclined to grant the Motion on the merits given its ruling today that Plaintiff's fraud claim survives summary judgment.

[7] Fed. R. Civ. P. 56(c) (2012).

[8] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

3

reasonable inferences in his favor.[9]  "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[10]  Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[11]  "In response to a properly supported motion for summary judgment, the nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial."[12]  "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[13]  Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[14]

　　Defendant seeks summary judgment on all of Plaintiff's claims.  Defendant identifies three possible claims brought by Plaintiff: (1) a contractual fraud claim; (2) a delictual fraud claim; and (3) a negligence claim.  Plaintiff expressly

---

[9] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997).

[10] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).

[11] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[12] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004).

[13] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000).

[14] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

disclaims that it is bringing a contractual fraud or a negligence claim.[15]  The Court finds that this concession is well placed.  There is no evidence that Plaintiff and Defendant entered into a contract as is required to support a contractual fraud claim.[16]  Additionally, there are no allegations in the petition, or evidence in the record, that support a negligence claim.  Moreover, Plaintiff has not identified any duty owed to it by Defendant or explained how that duty was breached.  Therefore, to the extent that the petition attempts to set forth negligence or contractual fraud claims, those claims are dismissed.

Defendant also moves for summary judgment on Plaintiff's delictual fraud claim.  To prevail on a claim for delictual fraud, Plaintiff must prove: (1) a misrepresentation of a material fact; (2) made with intent to deceive; and (3) causing justifiable reliance with resultant injury.[17]

This case involves a single incident to which there were only two witnesses, Mr. Patrick and Defendant.  Plaintiff, in opposition to the summary judgment, attached an affidavit setting forth Mr. Patrick's version of events.  Mr. Patrick alleges that Plaintiff has a lease with the Galleria that affords it access to the office building 24 hours a day, 7 days a week.  Plaintiff has provided a copy of the lease agreement, which explicitly states that "[n]ot withstanding anything to the contrary contained in this lease . . . Tenant shall have access to the food court and Its Premises 24 hours per day, 7 days per week."  Mr. Patrick alleges that, in August of 2012, he made preparations for a possible loss of power

---

[15] R. Doc. 49, p. 9.

[16] *See Shelton v. Standard / 700 Associates*, 798 So. 2d 60, 64 (La. 2001).

[17] *Kadlec Med. Ctr. v. Lakeview Anesthesia Assoc.*, 527 F.3d 412, 418 (5th Cir. 2008).

associated with Hurricane Isaac.  After the power went out, Mr. Patrick alleges that he went to the office building to take actions necessary to prevent food spoilage.  These facts appear to be relatively undisputed.

Mr. Patrick also contends that, when he arrived at the Galleria, Defendant physically prevented Mr. Patrick from entering the building.  Mr. Patrick recalls that Defendant insisted that he was an agent of the Galleria, that he had been instructed to deny Mr. Patrick access to the building, and that he was not concerned with the provisions of Plaintiff's lease agreement.  Mr. Patrick alleges that Defendant actually had no authority to act on behalf of the Galleria. Plaintiff argues that Defendant made this false statement with the intent to deceive Mr. Patrick into believing that Defendant was an agent of the Galleria. Mr. Patrick further alleges that he believed Defendant was an agent of the Galleria and that he reluctantly ceased attempts to access the building as a result of Defendant's statements.  Plaintiff alleges that, due to Mr. Patrick's inability to enter the building, he was unable to protect Plaintiff's food stores from spoilage.  Viewing this evidence in the light most favorable to Plaintiff, the Court finds that a jury could conclude that Defendant is liable for fraud.

To be sure, Defendant has marshaled substantial evidence indicating that the office building was justifiably closed and that Defendant did nothing more than apprise Mr. Patrick of that fact.  This evidence, however, merely demonstrates the existence of a genuine factual dispute as to the elements of Plaintiff's claim.  This dispute must be resolved by the jury, not the Court. Therefore, the Motion for Summary Judgment is denied as to Plaintiff's fraud

claim.

### III. Motions *in limine*

Defendant moves the Court to strike a number of Plaintiff's witnesses and exhibits.   In addition, Defendant requests that the Court strike Plaintiff's oppositions to the Motions as untimely.   The Court will briefly address the timeliness issue before proceeding to the merits.

On December 11, 2013, the Court issued a scheduling order, which provided that "[a]ll other motions in limine shall be filed by SEPTEMBER 4, 2014 and responses thereto shall be filed by SEPTEMBER 9, 2014." Defendant timely filed the instant Motions on September 4, 2014, yet Plaintiff did not file a response until September 23, 2014.  Defendant correctly notes that this is not the first time Plaintiff has missed a deadline imposed by the Court.  However, with regard to the current Motions, the Court does note that the Motions were set for submission on October 1, 2014.   Under the local rules, Plaintiff's oppositions would not have been due until September 23, 2014.[18] While Plaintiff was nonetheless bound by the provisions of the scheduling order, the Court elects to consider Plaintiff's arguments on the merits despite the untimely oppositions.

Defendant first moves to exclude three witnesses identified by Plaintiff (1) "Andrew (unknown last name) employee of Galleria," (2) "Steve (unknown last name) employee of Galleria," and (3) "Unknown black female guard."  Plaintiff has been unable to identify these individuals with any specificity nor has

---

[18] L.R. 7.5.

Plaintiff attempted to articulate to the Court how the testimony of these unidentified witnesses is relevant.  Indeed, Plaintiff's responses to the Motions *in limine* offer no arguments in opposition to the exclusion of the witnesses. Therefore, the Motion is granted and the witnesses will not be permitted to testify at trial.

Defendant next moves to exclude several items identified in Plaintiff's exhibit list (Doc. 31).  These items fit into five categories: (1) Defendant's criminal records; (2) documents relating to various claims that Defendant is a thief and/or con artist; (3) police reports; (4) documents relating to Defendant's prior businesses; and (5) items pertaining to Plaintiff's alleged damages.  The Court will address the admissibility of each category of items in turn.

*(1) Defendant's Criminal Records*

Plaintiff's exhibit list includes "Micah Bass' criminal records including arrest warrant for failure to appear."  Defendant moves to exclude these documents because they were not produced in discovery.  Plaintiff argues that Defendant withheld these documents, thus preventing Plaintiff from producing them.  This argument is misplaced.  These documents (if they exist) are public record and are not solely in the possession of Defendant.  Plaintiff had every opportunity to request these documents from the appropriate agencies but failed to do so.  Additionally, this Court admonishes Plaintiff to review Federal Rule of Evidence 609 which generally permits an attorney to introduce evidence of a

8

witness's felony convictions during the preceding ten years.[19]  The Court also notes that the documents provided by Plaintiff evidence a misdemeanor conviction.  The Court grants Defendant's request to exclude the documents.

*(2) Documents Relating to Claims that Defendant is a Thief and Con Artist*

Plaintiff seeks to introduce a printout from a private website that allegedly demonstrates that Defendant is "a thief and a con artist."  This printout contains comments from several unidentified individuals who assert negative allegations regarding Defendant's character.  The printout and the comments are clearly hearsay, and Plaintiff has failed to identify any exception to the hearsay rule that would render it admissible.   Moreover, the comments contain character evidence inadmissible under Rule 404(B).  Therefore, the Court excludes these items.

*(3) Police Reports*

Plaintiff's exhibit list includes "Police Reports relating to Micah Bass."  Defendant moves to exclude these documents on several grounds.  The Court grants Defendant's request to exclude these documents because Plaintiff has not produced these documents in discovery; nor has Plaintiff articulated to the Court how these documents are relevant.  Moreover, the Court finds that these reports would constitute inadmissible Rule 404(B) evidence.

*(4) Documents Relating to Defendant's Prior Businesses*

---

[19] The Court cautions counsel that only convictions are admissible under 609, arrests are not.  *See United States v. Parker*, 133 F.3d 322, 327 (5th Cir. 1998).  Furthermore, only the fact of the conviction, the name of the crime convicted of, and the time and place of the conviction are admissible.  1 McCormick On Evid. § 42 (7th ed.) (collecting cases).

Defendant moves to exclude any evidence of his prior businesses. Plaintiff has not produced any evidence in discovery related to Defendant's prior businesses. Plaintiff has, however, attached several documents to its opposition which it claims support an allegation that Defendant has engaged in fraudulent activity in the past. The Court excludes all evidence attached to Plaintiff's Opposition and all evidence regarding Defendant's former businesses because it was not produced in discovery.[20]

*(5) Items Pertaining to Plaintiff's Damages*

Defendant seeks to exclude various documents relating to Plaintiff's damages. These items include bills for food, photos of food, and receipts for various purchases. Plaintiff did not produce any of these items in discovery and they are, therefore, excluded from evidence at trial.

Finally, in light of the foregoing, the Court strongly cautions Counsel to familiarize themselves with Rules of Evidence 404(B) and 609. Furthermore, any party seeking to introduce evidence which implicates either rule must notify the Court outside the presence of the jury and obtain a ruling on its admissibility before attempting to introduce the evidence.

---

[20] The Court also has serious doubts as to whether the evidence is admissible under Rule 404(B).

**CONCLUSION**

For the foregoing reasons, the Motion to Dismiss is DENIED, the Motion for Summary Judgment is GRANTED IN PART and the Motions *in limine* are GRANTED.  The only claim remaining for trial is Plaintiff's delictual fraud claim.

New Orleans, Louisiana, this 14th day of October, 2014.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

11